**UNION MARKET MERCHANTS ASSOCIATION, INC., Appellant,**

v.

**CITY OF ST. LOUIS, and Paul Berra, Comptroller, Respondents.**

No. 45440.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 15, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Raymond A. Bruntrager, St. Louis, for appellant.

Joseph R. Niemann, Robert C. McNicholas, St. Louis, for respondents.

CRIST, Presiding Judge.

The City of St. Louis (City) and Union Market Merchants Association, Inc. (Merchants), are the lessor and lessee, respectively, of the Union Market Building in downtown St. Louis. Merchants appeals the dismissal of its declaratory judgment action through which it sought *inter alia* to prevent City's termination of the lease for nonpayment of rent. We affirm.

Under the authority of a City ordinance enacted in 1968, Merchants leased from the City the Union Market Building for a term of twenty-five years at an annual rent of $80,000.00 payable in equal monthly installments. Among the lease provisions was one for a $40,000.00 rental rebate by the City during each of the first five years of the lease to help rehabilitate the building. There is no question Merchants failed to pay the monthly rental payments from January through October of 1981, whereupon the City exercised its' right to cancel the lease pursuant to Section 16 thereof on Merchants' "default or failure to comply with any of the terms of this agreement . . . ."

Merchants' claim for relief (and its defense against City's cancellation of the lease) rests on the last of a succession of "lease-back" agreements executed by Merchants and City officials in 1974, 1976, and 1978 under which the City acquired increasingly more Union Market space to house municipal programs. Merchants contends the money unpaid and owed it under the 1978 agreement exceeds the amount it owes the City for rent, and so seeks a credit or set-off that would defeat the City's right to cancel the lease for nonpayment of rent.

We obviate any discussion of Merchants' legal theory for relief by noting the 1978 agreement, upon which is based the City's liability resulting in the alleged credit, was not authorized by any municipal ordinance and was therefore a nullity. A succinct statement of the rule is in *Vigran v. Poelker*, 433 F.Supp. 168, 171 (E.D.Mo. 1977), decided on somewhat similar facts:

> · "The law in Missouri is clear that all contracts with municipalities must be in writing and be authorized by local law or ordinance. [citing what is now § 432.070, RSMo.1978] Contracts not so executed are not enforceable. [Authority omitted.]"

As the "contract" was a nullity and unenforceable, no City liability could arise thereunder to excuse Merchants' obligation for rent as provided in the 1968 lease.

Merchants asserts the City should be estopped to deny the validity of the 1978 agreement. Aside from the fact that estoppel was not pleaded, the Supreme Court held in *Donovan v. Kansas City,* 352 Mo. 430, 175 S.W.2d 874, 881 (Mo. banc 1943)

*quoting* 31 C.J.S. *Estoppel* § 143, at 720–21 (1964):

" 'The doctrine of estoppel may not be applied against a municipal corporation ... under a contract which is void. A municipality may not be estopped by acts or contracts which violate mandatory constitutional or statutory provisions.' "

Dismissal order affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.